*The accounting in the Estate of* NICHOLAS STOUVENEL, *deceased.*

REASONS for not filing an executor's account overruled.

S. B. H. JUDAH, *for the Executors.*

THE SURROGATE. The executors having been called upon to account before the Surrogate, have set up in their answer various excuses and arguments why they should not do so, which I must overrule in each instance.

1. They say that "they have settled with the legatees under the will, out of Court, and that that settlement, having been for some time acquiesced in by the legatees, cannot now be reviewed by the Surrogate."

The answer to this is, that the Surrogate's Court is a tribunal established for the settlement of the accounts of estates, and that this excuse is no more a valid defense to this proceeding, than it would be in an action in a Court of Law, if interposed to a complaint for a money demand.

2. They say that, "as executors, they are only bound to render an account of Nicholas Stouvenel's personal assets."

But the entire real estate of the testator is directed to be sold, by his last will and testament, and became personal property from the death of the testator, under the doctrine of equitable conversion.

3. They say, "the copartnership of J. Stouvenel & Co. consisted at the death of Nicholas Stouvenel, of Joseph Stouvenel, the testator, and Francis Stouvenel, a third party; and that the whole property of the testator was invested in that firm; that the survivors were entitled to the property of the firm; and no other investigation can be made of the assets than is set forth in the statement rendered by the firm at the death of the testator; that the proper investigation and settlement must be presumed to have been made by the executors; that the

Surrogate has no power over Francis Stouvenel, one of the members of the firm, who is a necessary party in this settlement, and that a Court of Equity only can investigate the settlement between him and the executors."

The answer to this is, that the power to investigate an account existing between the estate of a deceased person and a copartnership, of which his executor is a member, has been too often asserted by this Court to require hesitation or need defense at this time. The case of Woodruff's estate on appeal (17 *Abbott's Practice Rep.*, *p.* 165), settled that question. The executors here have filed no inventory showing the value of the testator's interest in the firm assets. The books of the firm must be brought here with any other necessary evidence, to show what that amount was.

4. They say that "John B. Stouvenel, another executor, is a necessary party to this proceeding, and that he has not been served with an order to account." It is true that we need John B. Stouvenel's account, showing what assets have passed into his hands, and we will doubtless get it whenever we can serve him; but it is no answer for the other executors to claim that we must wait for him, otherwise the absence or flight of one executor would exempt the others from any accounting. These executors can at least account for what they have received.

5. They say that "the settlement having been made by the executors with the legatees, the executors then, as trustees, invested the estate, now hold it in trust, and cannot be compelled to account before the Surrogate as trustees." But they are not called to account as trustees. They are called to account as executors, and never having accounted in the Surrogate's Court as executors, must now do so. The Surrogate knows them as yet in no other capacity than that of executors.

There must be an order that the account be filed within a certain time, or that attachment issue.